## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| JAY RUSSELL, DULY ELECTED SHERIFF OF OUACHITA PARISH, IN HIS CAPACITY AS OFFICER EX OFFICIO OF THE OUACHITA PARISH SHERIFF'S OFFICE AND THE OUACHITA PARISH LAW ENFORCEMENT DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>PURDUE PHARMA L.P.; PURDUE PHARMA INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. N/K/A JANSSEN PHARMACEUTICA, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS, INC.; PERRY FINE; SCOTT FISHMAN; RANDALL BREWER; AND LYNN WEBSTER,<br><br>Defendants. | Civil Action No. 3:18-cv-00094 |

## NOTICE OF REMOVAL

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Johnson & Johnson and Janssen Pharmaceuticals, Inc. (collectively the "Removing Defendants"), timely remove this action, captioned Civil Suit No. 17-3279, from the 4th Judicial District Court for the Parish of Ouachita, to the United States District Court for the Western District of Louisiana. Complete diversity of citizenship exists between the properly joined parties in this case and it is

facially evident from the Petition that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## BACKGROUND

1. On or about October 5, 2017, Plaintiff filed suit for damages, alleging a "highly deceptive marketing campaign" (Exhibit 1, Petition, ¶ 14) for opioid medications has "significantly and negatively" affected "public health and safety throughout the United States." *Id.* ¶ 25. Plaintiff named as Defendants various manufacturers of prescription opioid medications, certain non-Louisiana physicians Plaintiff alleges participated in the manufacturers' marketing campaign, and a lone Louisiana physician, Dr. Randall Brewer. *Id.* ¶¶ 37–62.

2. The Petition was served on at least one of the Removing Defendants on December 26, 2017, and this Notice of Removal is filed within 30 days thereafter. 28 U.S.C. § 1446(b)(1). A copy of all process, pleadings, and orders served on the Removing Defendants is attached hereto as Exhibit 1. 28 U.S.C. § 1446(a).

3. By removing this action to this Court, Defendants do not waive any defenses, objections, or motions available under state or federal law. Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims.

## VENUE

4. Venue is proper in this district because the state court action is pending in the 4th Judicial District Court for Ouachita Parish. *See* 28 U.S.C. § 1446(a).

## JURISDICTION

### I.  The Amount in Controversy Exceeds $75,000.00

5. Removal is proper where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). Here, Plaintiff purports to bring suit in his role as an employer of roughly 450 persons

(Pet. ¶ 1), the chief law enforcement officer for Ouachita Parish (*id.* ¶ 3), and administrator of a jail system booking almost 6,500 offenders each year (*id.* ¶ 4).  He alleges that his claims relate to millions of prescriptions (*id.* ¶ 17) and billions of dollars in revenue (*id.* ¶ 18), and he seeks relief including actual and compensatory damages (*see, e.g.*, *id.* ¶ 249), treble damages (*see, e.g.*, *id.* ¶¶ 263,[1] 277), and disgorgement of unjust enrichment (*id.* ¶ 332).  These allegations seek potential damages greater than $75,000, exclusive of interests and costs.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

## II.     There Is Complete Diversity Between Plaintiffs and All Properly Joined Defendants.

6.     Plaintiff is a citizen of Louisiana.  *See Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973) ("[A] political subdivision of a State, unless it is simply 'the arm or alter ego of the State,' is a citizen of the State for diversity purposes."); *Jefferson Parish v. Anadarko E&P Onshore LLC*, No. 13-6701, 2015 WL 13534014, at *3 (E.D. La. Mar. 9, 2015) (finding a Louisiana parish is a citizen of Louisiana for diversity purposes).

7.     None of the properly joined Defendants are citizens of Louisiana.  For purposes of diversity jurisdiction, a corporation is a citizen of every state where it is incorporated and every state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A partnership is a citizen of every state in which its partners are citizens.  *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016).  A limited liability company is a citizen of every state in which its members are citizens.  *See Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017).

---

[1] There are two paragraphs each of numbers 254 to 269 due to misnumbering that begins on page 58 of the Petition.  This citation refers to the second paragraph numbered 263 (Pet. pp. 60).

8.     Defendant Purdue Pharma L.P. is a limited partnership organized under the laws of Delaware, none of whose partners are citizens of Louisiana. Pet. ¶ 37.

9.     Defendant Purdue Pharma Inc. is a New York corporation with its principal place of business in Stamford, Connecticut. *Id.* ¶ 38.

10.     Defendant The Purdue Frederick Company Inc. is a New York corporation with its principal place of business in Stamford, Connecticut. *Id.* ¶ 39.

11.     Defendant Teva Pharmaceuticals USA, Inc. is a Delaware corporation with its principal place of business in North Wales, Pennsylvania. *Id.* ¶ 42.

12.     Defendant Cephalon, Inc. is a Delaware corporation with its principal place of business in Frazer, Pennsylvania. *Id.* ¶ 43.

13.     Defendant Johnson & Johnson is a New Jersey corporation with its principal place of business in New Brunswick, New Jersey. *Id.* ¶ 46.

14.     Defendant Janssen Pharmaceuticals, Inc. is a Pennsylvania corporation with is principal place of business in Titusville, New Jersey. *Id.* ¶ 47.

15.     Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc., now known as Janssen Pharmaceuticals, Inc., is a Pennsylvania corporation with its principal place of business in Titusville, New Jersey. *Id.* ¶ 49.

16.     Defendant Janssen Pharmaceutica, Inc., now known as Janssen Pharmaceuticals, Inc., is a Pennsylvania corporation with its principal place of business in Titusville, New Jersey. *Id.* ¶ 50.

17.     Defendant Endo Health Solutions Inc. is a Delaware corporation with its principal place of business in Malvern, Pennsylvania. *Id.* ¶ 54.

18.    Defendant Endo Pharmaceuticals Inc. is a Delaware corporation with its principal place of business in Malvern, Pennsylvania.  *Id.* ¶ 55.

19.    Defendant Perry Fine, M.D., is a citizen of Utah.  *Id.* ¶ 59.

20.    Defendant Scott Fishman, M.D., is a citizen of California.  *Id.* ¶ 60.

21.    Defendant Lynn Webster, M.D., is a citizen of Utah.  *Id.* ¶ 62.

22.    All properly joined defendants are diverse from the Plaintiff.

23.    Randall Brewer, M.D., is a citizen of Louisiana.  *Id.* ¶ 61.  Dr. Brewer is both fraudulently joined and an unnecessary and dispensable party subject to severance—and in the alternative, procedurally misjoined—so his citizenship is irrelevant for determining diversity jurisdiction.

24.    Plaintiff alleges that manufacturer defendants and their key opinion leader ("KOL") consultants engaged in a decades-long, nation-wide scheme to sell opioid medications, hide their true risks, and profit.  In a transparent attempt to defeat federal jurisdiction, Plaintiff also joins a single practicing Louisiana physician, Dr. Randall Brewer.  Plaintiff's allegations about Dr. Brewer fail to state any claim against him and are factually divorced from Plaintiff's Petition.  Dr. Brewer was fraudulently and improperly joined as well as procedurally misjoined, so the Court should disregard him for purposes of diversity jurisdiction.

25.    Specifically, Plaintiff makes four allegations relating to Dr. Brewer: (1) he participated in a 2003 roundtable about pain relief in Baltimore, Maryland that was summarized in a 2004 article titled *Neuropathic Pain*; (2) he edited a 2005 journal that contained articles with statements about opioid medications; (3) he was a president or board member of the medical organization American Academy of Pain Medicine; and (4) he was a consultant for Defendant Endo.  These allegations fail to state a claim and are insufficient to defeat diversity jurisdiction.

26. **Roundtable/*Neuropathic Pain*.** *Neuropathic Pain* summarizes a December 5, 2003 roundtable symposium of seven participants, including Dr. Brewer, held in Baltimore, Maryland. *Neuropathic Pain* appeared in "Advanced Studies in Medicine," a peer-reviewed journal based at the Johns Hopkins University School of Medicine.[2] *See* Peter S. Staats et al., *Neuropathic Pain: Incorporating New Consensus Guidelines into the Reality of Clinical Practice*, *in* 4(7B) ADVANCED STUD. MED. S550, S550 (2004).[3]

27. Plaintiff alleges that *Neuropathic Pain* contains two misleading statements: it briefly mentions and defines the term "pseudoaddiction," (Pet. ¶ 194 n.64) and states that physical dependence is different from addiction (*id.* ¶ 200 n.67). Neither statement is attributed to Dr. Brewer.

28. The only representation directly attributed to Dr. Brewer in *Neuropathic Pain* is:

> I've had patients walk out of my office when I've given them an explanation for their pain, saying 'I don't really want to take any medicine for this. I just wanted to know what the problem is. Nobody has ever told me.' And I am usually not the first physician the patient has seen for the pain problem.

*Neuropathic Pain* at S553.

29. Plaintiff does not allege how *Neuropathic Pain* was received, used, or relied upon in Ouachita Parish or elsewhere in Louisiana.

---

[2] *See* "Editorial Information," John Hopkins Advanced Studies in Medicine, http://www.jhasim.com/template.cfm?TEMPLATE=include_editorialinfo.cfm&PageName=Editorial%20Information (last visited Nov. 20, 2017).

[3] *Available at:* http://www.jhasim.com/files/articlefiles/pdf/XASIM_Issue_4_7Bp550_566.pdf (last visited Dec. 19, 2017). Because Plaintiff incorporates this document by reference into his Petition, and because it is a basis for his allegations against Dr. Brewer, it is part of the pleadings; citing it does not invite or require the court to pierce the pleadings. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) ("'[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.' In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated.") (citation omitted).

30.    **2005 Journal.**  Plaintiff cites seven representations in a 2005 compendium, "Pain Management," for which Dr. Brewer served as an editor.  14 PAIN MANAGEMENT (Randall P. Brewer et al. eds., Managed Care 2005) (Exhibit 2).[4]

31.    Every cited representation in the 2005 *Pain Management* compendium was made within a separate, independently authored component article—not by Dr. Brewer.  The representations referenced in paragraphs 165, 173, 190, and 199 of the Petition are statements made in an article by Dr. Bill H. McCarberg.  Bill H. McCarberg, *Balancing Patient Needs and Provider Responsibilities in the Use of Opioids*, *in* 14 PAIN MANAGEMENT 32, 32–33, 35–36 (Randall P. Brewer et al. eds., Managed Care 2005).  Similarly, as Plaintiff acknowledges, the representations in paragraphs 173 and 214 appear in "an article written by KOL Defendant Dr. Fine."  Perry G. Fine, *Benefits of Pain Management in the Elderly*, *in* 14 PAIN MANAGEMENT 46, 49, 53 (Randall P. Brewer et al. eds., Managed Care 2005).

32.    *Pain Management* was independently peer reviewed and specifically advises that the opinions expressed in the publication are not those of the editor, Dr. Brewer.  *About this Publication*, *in* 14 PAIN MANAGEMENT (Managed Care, 2005).

33.    **American Academy of Pain Medicine.**  Plaintiff also alleges that, at some unknown time and in some unknown capacity, Dr. Brewer was either a president or board member of the American Academy of Pain Medicine ("AAPM").  Pet. ¶ 147.

34.    The AAPM is a professional organization of pain physicians and other medical professionals.  Plaintiff does not allege that Dr. Brewer was responsible for any particular AAPM activity, much less that he was responsible for any AAPM activities specifically connected to Ouachita Parish or elsewhere in Louisiana.

---

[4] *See supra* note 3.

35.     **"Consultant" Role.**  In one sentence, Plaintiff passively refers to Dr. Brewer as a "consultant" for Endo, but provides no detail whatsoever about this consulting relationship, including whether, how, or where it was used to promote opioid medication use, or whether it had any connection to Ouachita Parish or elsewhere in Louisiana.  *Id.* ¶ 194.

36.     These conclusory allegations do not identify actionable misconduct, much less misconduct connected to Ouachita Parish or elsewhere in the State of Louisiana.

### A.     Plaintiff Has Not Stated a Claim Against Dr. Brewer

37.     The fraudulent joinder doctrine, known in this circuit as the improper joinder doctrine, permits a court to "ignore[] a lack of complete diversity where the plaintiff joins a nondiverse defendant to avoid federal jurisdiction."  *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 n.14 (5th Cir. 2013).  A defendant is improperly joined where, applying the federal pleading standard, a plaintiff cannot state a claim against the in-state defendant.  *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).  To pass muster under Fed. R. Civ. P. 12(b)(6), "'[f]actual allegations must be enough to raise a right to relief above the speculative level,' and the pleading must contain something more than a statement of facts which merely creates a suspicion of a legally cognizable right of action."  *Schmidt v. Cal-Dive Int'l, Inc.*, 240 F. Supp. 532, 541 (W.D. La. 2017) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

38.     Dr. Brewer is fraudulently joined in this case.  In this circumstance, "Federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal courts of the protection of their rights in those tribunals."  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 575 (5th Cir. 2004) (quoting *Alabama Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 218 (1906)).

39. Dr. Brewer is fraudulently joined in this case because Plaintiff's conclusory allegations against him are insufficient to state any plausible claim under Louisiana law. Plaintiff has not alleged anything arising from Dr. Brewer's involvement with the AAPM other than mere participation in the organization. This cannot give rise to liability as a matter of law. *See, e.g.*, *Pfizer Inc. v. Giles*, 46 F.3d 1284, 1295–95 (3d Cir. 1994) (liability premised solely on membership in a medical manufacturer's group "could generally chill the exercise of the freedom of association by those who wish to contribute to, attend the meetings of, and otherwise associate with trade groups and other organizations that engage in public advocacy and debate"). Similarly, Plaintiff pleads only the existence of Dr. Brewer's consulting relationship with Endo, but an unspecified relationship with a company is not itself an actionable wrong.

40. Plaintiff's remaining allegations relate to Dr. Brewer's involvement with the 2003 *Neuropathic Pain* roundtable and the 2005 *Pain Management* compendium. Louisiana law, however, provides no cause of action against Dr. Brewer for statements *not directly attributed to him*, particularly from a roundtable held in Baltimore fourteen years ago. Nor does it permit liability for editing a peer-reviewed publication, twelve years ago, wherein other authors made alleged misrepresentations.

41. Concretely, Plaintiff's false advertising claim fails because he alleges no representation that is actually attributable to Dr. Brewer, nor any effects of those (non-)representations in Ouachita Parish or elsewhere in Louisiana, nor that Dr. Brewer made any of these statements with the purpose of inducing the purchase of opioid medications. *See* La. R.S. 40:625(C).

42. Similarly, Plaintiff fails to state a claim for misbranding against Dr. Brewer. Plaintiff does not allege that Dr. Brewer actually made any statements, much less statements that

could be considered "labeling."  Nor does plaintiff allege that Dr. Brewer's *Neuropathic Pain* and *Pain Management* involvement "labeled" any particular opioid medication, or that Dr. Brewer engaged in any other misbranding activity connected to Ouachita Parish or elsewhere in Louisiana.

43.     Plaintiff likewise fails to state a violation of the Louisiana Unfair Trade Practices Act ("LUTPA").  The "range of prohibited practices under LUTPA is extremely narrow." *Cheramie Svcs., Inc. v. Shell Deepwater Prod., Inc.*, 35 So. 3d 1053, 1060 (La. 2010) (citing *Moore v. Goodyear Tire & Rubber Co.*, 364 So. 2d 630, 633 (La. App. 2 Cir. 1978)).  Under this statute, the plaintiff must show the alleged conduct "'offends established public policy and . . . is immoral, unethical, oppressive, unscrupulous, or substantially injurious.'"  *Id.* at 1059 (citing *Turner v. Purina Mills, Inc.*, 989 F.2d 1419, 1422 (5th Cir. 1993)).  But, as described above, Plaintiff has not alleged any misrepresentation attributed to Dr. Brewer; much less that Dr. Brewer engaged in "immoral, unethical, oppressive, unscrupulous, or substantially injurious" conduct.  *Id.*  Indeed, holding that a licensed physician could be liable for an unfair trade practice based on statements made by other licensed physicians about the practice of medicine published in peer-reviewed journals *would itself* "offend public policy."  *Cf. Cheramie Svcs., Inc.*, 35 So. 3d at 1059; *see, e.g.*, *Gorbey ex rel. Maddox v. Am. J. of Obstetrics and Gynecology*, 849 F. Supp. 2d 162, 166 (D. Mass. 2012) (finding plaintiffs' contention—that the mere "act of publishing a fraudulent medical article in a reputable journal" caused them harm—insufficient to state a cause of action for unfair or deceptive acts or practices under Massachusetts's Consumer Protection Act).

44.     Plaintiff also fails to state a claim that Dr. Brewer engaged in racketeering (La. R.S. 15:1352–53) through the predicate offense of Medicaid Fraud (*id.* 14:70.1).  *See* Pet. ¶¶ 264–69.  Nothing about Dr. Brewer's alleged involvement with *Neuropathic Pain* or *Pain Management*

satisfies the requisite predicate conduct for this predicate offense—committing, attempting to commit, conspiring to commit, or soliciting Medicaid Fraud.  *See* Pet. ¶ 270; La. R.S. 14:70.1(A).

45.     Plaintiff likewise has no negligence claim against Dr. Brewer.  Among other reasons, a physician owes no duty to Louisiana residents to refrain from editing a peer-reviewed journal or participating in a roundtable symposium, nor to avoid membership in legitimate professional organizations, nor to avoid consulting for a drug manufacturer.  *Cf. Giles*, 46 F.3d at 1295.  Further, Plaintiff has not made any colorable argument that the minimal allegations relating to Dr. Brewer were a cause in fact or proximate cause of Plaintiff's alleged injuries in Ouachita Parish.  Plaintiff has not alleged any identifiable connection between the allegations against Dr. Brewer and the alleged harm suffered by Plaintiff.  *See, e.g.*, *Staples v. Merck & Co., Inc.*, 270 F. Supp. 2d 833, 840 (S.D. Tex. 2003) (clinical researchers were fraudulently joined as to negligence claims relating to their failure to disclose data about a drug, where there were "far too many intervening actors and events between the clinical studies and plaintiff's injuries").

46.     Plaintiff's fraud claim against Dr. Brewer also fails.  A fraud claim must be pleaded with particularity, *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997), but Plaintiff makes no plausible allegation that Dr. Brewer's involvement with two publications was material to the alleged misconduct, was intended to deceive, was relied upon, or caused injury to, anyone in Louisiana.  *See, e.g.*, *Alford v. Chevron USA, Inc.*, 13 F. Supp. 3d 581, 594 (E.D. La. 2014) ("Group pleading is not permitted under Rule 9(b); instead, the plaintiff must plead specific facts describing the fraud allegedly committed by each defendant."); *Lentz v. Trinchard*, 730 F. Supp. 2d 567, 580 (E.D. La. 2010) (setting forth elements of Louisiana fraud claim).  Recently, the Fifth Circuit found that Rule 9(b) was not satisfied where a False Claims Act complaint failed to allege any particulars to show that "ill-defined benefits" received by "unidentified doctors" caused a

hospital to purchase and use a particular product.  *Colquitt v. Abbott Labs.*, 858 F.3d 365, 372 (5th Cir. 2017).  Similarly, Plaintiff's claim here fails because his scant allegations about Dr. Brewer include no information—much less adequate information—about how anyone relied upon or was injured by Dr. Brewer's alleged activities.

47.     Plaintiff plainly has no unjust enrichment claim because Louisiana law provides other potential remedies for the violations alleged in his Petition.  La. Civ. Code art. 2298 (the remedy of unjust enrichment "is subsidiary and shall not be available if the law provides another remedy").  Although not plead successfully, Plaintiff identifies at least five express claims under which he could pursue a remedy from Dr. Brewer.  Thus, his claim for unjust enrichment is precluded.  *See also Alford*, 13 F. Supp. 3d at 609 ("Thus, if a plaintiff pleads a legal cause of action in his complaint, he may not also assert a claim for unjust enrichment because the latter is precluded by the availability of the former."); *Brown v. Coleman Invs., Inc.*, 993 F. Supp. 432, 438 (W.D. La. 1998) (availability of contract action precluded unjust enrichment claim).

48.     Because Plaintiff can state no claim against Dr. Brewer, the court should find him fraudulently joined and disregard his citizenship for diversity purposes.

**B.     Dr. Brewer Is Not a Necessary or Indispensable Party**

49.     Removal based on diversity jurisdiction is also proper because Dr. Brewer is unnecessary and dispensable under Fed. R. Civ. P. 19, so the claims against him may be severed under Fed. R. Civ. P. 21.  *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830, 832–37 (1989) ("Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time").  Under Rule 21, a court may dismiss a nondiverse dispensable defendant in order to perfect diversity.  *See Anderson v. Moorer*, 372 F.2d 747, 750 n.4 (5th Cir. 1967) (dropping nondiverse defendants named in the original complaint); *Brown v. Tex. & Pac. R.R.*,

392 F. Supp. 1120, 1123 (W.D. La. 1975) ("A federal district court has the power to preserve and perfect its diversity jurisdiction over a case by dropping a nondiverse party providing the nondiverse party is not an indispensable party.").

50.    As an alleged joint tortfeasor, Dr. Brewer is both unnecessary and dispensable under Rule 19. *See Temple v. Synthes Corp.*, 498 U.S. 5, 7–8 (1990) (per curiam) (holding that joint tortfeasors are not necessary parties under Rule 19); *Lyons v. O'Quinn*, 607 F. App'x 931, 934 (11th Cir. 2015) ("[W]here joint tortfeasors may be jointly and severally liable, neither tortfeasor is an indispensable party.") (collecting cases).

51.    If Plaintiff intends to pursue his claims against Dr. Brewer, he has an adequate remedy in state court. *See* Fed. R. Civ. P. 19(b).

52.    As discussed above, the facts relevant to the claims against Dr. Brewer are limited to: (1) his involvement with two peer-reviewed publications in the mid-2000s (Pet. ¶¶ 165, 173, 190, 194, 199, 214); and (2) his AAPM membership and Endo consultancy (*id.* ¶¶ 147, 194). By contrast, Plaintiff alleges that the other defendants engaged in decades of improper promotion of opioid medication. *See, e.g.*, *id.* ¶¶ 14, 24. Plaintiff's claims for relief are based on alleged patient, payor, and public harms that have nothing to do with Dr. Brewer.

53.    Severing the claims against Dr. Brewer and permitting removal of the other claims to this court will advance judicial efficiency. *See, e.g.*, *Adams v. Big Lots Stores, Inc.*, 2009 WL 2160430, at *2 (E.D. La. July 16, 2009) (In deciding whether to sever, "courts may consider whether settlement or judicial economy would be promoted, whether prejudice would be averted by severance, and whether different witnesses and documentary proof are required for separate claims.") (citations omitted).

54.     The interests of judicial efficiency are particularly strong here, where this case, if removed, is eligible for transfer to multi-district litigation.  *See Cooke-Bates v. Bayer Corp.*, No. 3:10-CV-261, 2010 WL 3984830, at \*4 (E.D. Va. Oct. 8, 2010); *Sullivan v. Calvert Mem'l Hosp.*, 117 F. Supp. 3d 702, 707 (D. Md. 2015) ("Severance is particularly appropriate in this case because it would allow for the transfer of [plaintiff's] claims against the [diverse manufacturer] to Multi-District Litigation.").  So far, four other substantively identical cases brought by Louisiana Parishes have been transferred to the MDL.  *See In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (Dec. 20, 2017), ECF No. 401; *id.* (Dec. 12, 2017), ECF No. 343.  More may follow.

55.     Federal district courts have properly relied on Rule 21 to sever in-state parties and retain jurisdiction in healthcare cases where the focus of the case is on differently situated out-of-state defendants.  *See, e.g.*, *Mayfield v. London Women's Care, PLLC*, No. 15-19-DLB, 2015 WL 3440492, at \*5 (E.D. Ky. May 28, 2015); *McElroy v. Hamilton Cty. Bd. of Educ.*, No. 1:12-cv-297, 2012 WL 12871469, at \*2–3 (E.D. Tenn. Dec. 20, 2012); *Joseph v. Baxter International, Inc.*, 614 F. Supp. 2d 868 (N.D. Ohio 2009); *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505 (E.D. Cal. 2008); *Greene v. Wyeth*, 344 F. Supp. 2d 674 (D. Nev. 2004); *Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach, LLP*, No. Civ. A. 02-2435-CM, 2003 WL 21313957, at \*5–6 (D. Kan. May 23, 2003).[5]

---

[5] *See also Kelly v. Aultman Physician Ctr.*, No. 5:13CV0994, 2013 WL 2358583, at \*3 (N.D. Ohio May 29, 2013) (severing non-diverse healthcare provider defendants and thus denying remand as to diverse manufacturer defendants); *DeGidio v. Centocor, Inc.*, No. 3:09CV721, 2009 WL 1867676, at \*3–4 (N.D. Ohio July 8, 2009) (same); *Lucas v. Springhill Hosps., Inc.*, No. 1:09HC60016, 2009 WL 1652155, at \*2 (N.D. Ohio June 11, 2009) (denying motion to remand following severance of non-diverse defendants by Judicial Panel on Multidistrict Litigation).

### C.    Dr. Brewer Is Also Procedurally Misjoined

56.    Fraudulent misjoinder, also called procedural misjoinder, "refers to the joining of claims into one suit in order to defeat diversity jurisdiction where in reality there is no sufficient factual nexus among the claims to satisfy the permissive joinder standard." *Reed v. Am. Med. Sec. Grp., Inc.*, 324 F. Supp. 2d 798, 803 n.8 (S.D. Miss. 2004) (citation and internal quotation marks omitted).  If the joinder requirements of Fed. R. Civ. P. 20(a) are not met, "[j]oinder is improper even if there is no fraud in the pleadings and the plaintiff does have the ability to recover against each of the defendants." *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996)).  Where a non-diverse defendant is fraudulently misjoined, the Court may sever and remand the claims against the non-diverse defendant, and deny remand of the remaining claims based on diversity jurisdiction. *See, e.g.*, *Reed*, 324 F. Supp. 2d at 805.

57.    As discussed above, Plaintiff's claims for relief are based on alleged misconduct that has nothing to do with Dr. Brewer.  *See supra* ¶¶ 24–36, 52.  Even if Plaintiff could state a claim for relief against Dr. Brewer, any such claims would be so factually distant from the claims against the other defendants as to be fraudulently misjoined.

58.    Recently, other federal district courts in related lawsuits have relied on the fraudulent misjoinder doctrine to ignore the citizenship of non-diverse defendants and deny remand as to diverse defendants like the moving Defendants here.  *See City of Huntington v. AmerisourceBergen Drug Corp.*, No. 3:17-01362, 2017 WL 3317300, at *4–5 (S.D. W. Va. Aug. 3, 2017); *Cty. Comm'n of McDowell Cty. v. McKesson Corp.*, No. 1:17-00946, 2017 WL 2843614, at *5 (S.D. W. Va. July 3, 2017).

59.     In *McKesson Corp.*, the plaintiff filed suit in state court against diverse distributors of opioid medications for allegedly "flood[ing] McDowell County with opioids well beyond what was necessary to address pain and other [legitimate] reasons," and also against a non-diverse doctor for allegedly prescribing opioids, "knowing that the drugs were likely to be abused, diverted or misused."  2017 WL 2843614, at *1.  The court found that these claims were fraudulently misjoined and accordingly denied remand because "plaintiff's claims against the [distributors] and the claims against [the doctor]" lacked "common questions of law or fact" and were "separate and distinct."  *Id.* at *5.  In *City of Huntington*, the court reached the same conclusion for substantially the same reasons.  2017 WL 3317300, at *5.

60.     Here, Plaintiff's claims against Dr. Brewer are similarly "separate and distinct." The claims against Dr. Brewer should be severed and remanded to state court, and this Court should retain jurisdiction over the claims against the remaining defendants.

## III.    All Properly Joined Defendants Consent to Removal

61.     The following properly joined and served Defendants consent to removal, as indicated by their signing below: Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company, Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; and Endo Pharmaceuticals Inc.

62.     The following properly joined Defendant has not been properly served, and thus its consent to removal is not required: Endo Health Solutions Inc.  Nevertheless, it consents to removal.[6]

---

[6] It is unclear at this time whether Defendant Drs. Fine, Fishman, and Webster have been sufficiently and properly served with process.  Defendant Drs. Fine, Fishman, and Webster reserve all affirmative defenses and rights, including rights to contest service of process and jurisdiction. However, for the avoidance of doubt and to the extent that Defendant Drs. Fine, Fishman, and Webster have been served and/or properly joined in this case, they consent to removal.

63. Pursuant to 28 U.S.C. § 1446(d), Removing Defendants will give written notice of the filing of this Notice of Removal to all parties of record in this matter, and will file a copy of this Notice with the clerk of the state court.

Respectfully submitted,

DATED:  January 25, 2018

 /s/ *Kelly Juneau Rookard*
James B. Irwin (#7172)
David W. O'Quinn (#18366)
Douglas J. Moore (#27706)
Kelly Juneau Rookard (#30573)
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Tel: (504) 310-2100
Fax: (504) 310-2101
jirwin@irwinllc.com
doquinn@irwinllc.com
dmoore@iwinllc.com
kjuneau@iwinllc.com

Charles C. Lifland*
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
(213) 430-6000
clifland@omm.com
*\* denotes national counsel who will seek
pro hac vice admission*

**WRITTEN CONSENT OF OTHER DEFENDANTS**

Consent to removal on behalf of Defendants PURDUE PHARMA L.P.; PURDUE PHARMA INC.; and THE PURDUE FREDERICK COMPANY INC.

 /s/ *Paul B. Simon*
Paul B. Simon (La. #33679)
Samuel E. Masur (La. #1221)
GORDON ARATA MONTGOMERY BARNETT
400 East Kaliste Saloom Road
Suite 4200
Lafayette, Louisiana 70508
Tel: (337) 237-0132
Fax: (337) 237-3451
PSimon@gamb.law
SMasur@gamb.law

Mark S. Cheffo*
Hayden A. Coleman*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel: (212) 849-7000
Fax: (212) 849-7100
markcheffo@quinnemanuel.com
haydencoleman@quinnemanuel.com

Patrick J. Fitzgerald*
R. Ryan Stoll*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
(212) 735-3000
patrick.fitzgerald@skadden.com
ryan.stoll@skadden.com

-and-

155 North Wacker Drive
Chicago, IL 60606
(312) 407-0700
* *denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendants
TEVA PHARMACEUTICALS USA, INC., and
CEPHALON, INC.

 /s/ Richard S. Crisler
Richard S. Crisler [#28007]
Michael C. Mims [#33991]
BRADLEY MURCHISON KELLY & SHEA
LLC
1100 Poydras St., Ste. 2700
New Orleans, La 70163
Tel.: 504.596.6300
Fax: 504.596.6301
rcrisler@bradleyfirm.com
mmims@bradleyfirm.com

-and-

Leland G. Horton [#26928]
BRADLEY MURCHISON KELLY & SHEA
LLC
401 Edwards St., Ste. 1000
Shreveport, La 71101
Tel.: 318.227.1131
Fax: 318.227.1141
lhorton@bradleyfirm.com

J. Gordon Cooney, Jr.*
Steven A. Reed*
Harvey Bartle*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
gordon.cooney@morganlewis.com
steven.reed@morganlewis.com
*denotes national counsel who will seek pro hac
vice admission

Brian M. Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131-2339
brian.ercole@morganlewis.com
*denotes national counsel who will seek pro hac
vice admission
Consent to removal on behalf of Defendants
ENDO HEALTH SOLUTIONS INC.; and ENDO
PHARMACEUTICALS INC.

/s/ *David D. Fauvre*
David D. Fauvre*
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
(202) 942-5000
David.Fauvre@apks.com

-and-

Sean Morris*
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4000
Sean.Morris@apks.com
*denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendants
PERRY FINE, SCOTT FISHMAN, AND LYNN
WEBSTER

/s/ *Steven M. Stastny*
Steven M. Stastny (La. Bar #21133)
STASTNY LAW FIRM LLC
P.O. Box 430052
Birmingham, AL 35243-1052
(205) 332-3600
sstastny@stastnylawfirm.com

Chad Shultz *
Cecily McLeod *
GORDON REES SCULLY MANSUKHANI
3455 Peachtree Rd., Suite 1500
Atlanta, GA 30326
(404) 869-9054
cshultz@grsm.com
cmcleod@grsm.com
*denotes national counsel who will seek pro hac vice admission*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing pleading has been served upon counsel for all parties to this proceeding by either e-mail, facsimile, or mailing the same to each by First Class United States Mail, properly addressed and postage prepaid on this 25th day of January 2018.

DATED:  January 25, 2018

*/s/ Kelly Juneau Rookard*
KELLY JUNEAU ROOKARD